IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL ANTHONY HOLLEY,

    Plaintiff,                    No. CIV S-04-2708 LKK EFB P

    vs.

TOM L. CAREY, et al.,

    Defendants.              <u>ORDER</u>

_____/

       Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the following claims: (1) Carey violated plaintiff's rights under the Americans with Disabilities Act (ADA) by demoting plaintiff on the ground plaintiff poses an unreasonable risk to himself and others if he uses certain machinery: and (2) Huff, Lane and Korte violated plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment by removing plaintiff from his prison job and giving him a lower paying job because plaintiff receives mental health services. Plaintiff asserts he can prove disparate treatment with evidence that prisoners who repeatedly injured themselves or others on the job were not removed from their positions, but plaintiff has not injured himself or others but was removed. On August 14, 2006, plaintiff filed a motion to compel defendants to produce documents. *See* Fed. R. Civ. P. 34, 37(a)(2)(B). Defendants oppose.

1    Parties may obtain discovery regarding any matter, not privileged, that is relevant to the
2 claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be
3 admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible
4 evidence. *Id*. The court may limit discovery if it determines the discovery sought is
5 unreasonably cumulative or obtainable from a more convenient or less expensive source, the
6 party seeking discovery had ample opportunity to obtain the information sought, or the burden or
7 expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A
8 party has a continuing duty to supplement, correct or amend discovery responses if the court so
9 orders or if the party learns the responses were in some material respect incorrect or incomplete
10 and the information has not otherwise been made available to other parties. Fed. R. Civ. P.
11 26(e)(2).
12    Any party may request any other party to produce for inspection documents, including
13 writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting
14 party must identify the items to be produced and the party upon whom the request is made must
15 make a written response stating that inspection will be permitted as requested, unless the party
16 objects and states the basis therefor. Fed. R. Civ. P. 34(b).
17    A party may move for an order compelling discovery with respect to objections or other
18 failure to respond to interrogatories or requests to produce documents. Fed. R. Civ. P.
19 37(a)(2)(B), 33(b)(5), 34(b).
20 <u>Request Number 1</u>
21    Plaintiff seeks "All documents pertaining to and surrounding the incident dated of
22 October 2004, regarding inmate Ortiz #J-23920 and inmate James #E7143, written, type [sic], or
23 copies."
24    Defendants object that this request seeks information outside the scope of discovery.
25 Plaintiff asserts that Ortiz ran over James's leg with a forklift but Ortiz was not then found to
26 pose a threat to the safety of other prisoners.

2

Whether incidents such as this occurred is within the scope of discovery.  *See* Fed. R. Civ. P. 26(b)(1); *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).  The objection is overruled.

Defendants also object that this request seeks documents that are "confidential, privileged and subject to protection as official information."

A party opposing the production of documents upon the ground the information sought is privileged may not rely upon "boilerplate objections or blanket refusals." *Burlington Northern & Santa Fe Ry. Co. v. United States District Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005).  Instead, a party must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  Defendants' objection is a blanket refusal to produce the documents.  The objection is overruled.

Defendants object that disclosure would violate the privacy rights of another inmate. Privacy concerns are grounds for a protective order but the party seeking to prevent or limit discovery must demonstrate "good cause," i.e., permitting the discovery will result in specific prejudice or harm.  *See* Fed. R. Civ. P. 26(c); *Rivera v. NIBCO, 364 F.3d 1057, 1063 (9th Cir. 2004).*  The court then "balances the public and private interests to decide whether a protective order is necessary." *Rivera, 364 F.3d at 1063-64.*

Defendants make no showing that disclosure will result in prejudice or harm.  The objection is overruled.

<u>Request No. 2</u>

Plaintiff seeks, "All written statements, originals or copies, identifiable as reports made by prison and civilian employees surrounding the incident regarding inmate Muniz #K-48809, injuring himself on dates July 15, 2000, and July 16, 2000."

Defendants object that this request seeks information outside the scope of discovery. Plaintiff asserts that the reports show that Muniz was injured on the job but was not demoted. Defendants' objection is overruled. *See* Fed. R. Civ. P. 26(b)(1); *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

Defendants also argue that California law prohibits the California Department of Corrections and Rehabilitation from disclosing one prisoner's medical and employment records to another prisoner. *See* 2006 Cal. Legis Serv. Ch. 567 (A.B. 2303) (West); 15 Cal. Admin. Code §3370. Plaintiff did not request medical and employment records. He requested written reports about the incidents, which are within the California Department of Corrections and Rehabilitation and are known as "incident reports," i.e., a written record of an incident that "result[s] in physical harm, or serious threat of physical harm, to an employee or inmate of a detention facility or other person." 15 Cal. Admin. Code § 1044. The court notes that a prisoner's records may be released pursuant to a court order. *See* 15 Cal. Admin. Code §3370. This objection is overruled. This order does not compel production of other prisoner's medical and employment records.

Request No. 9

Plaintiff seeks, "[a]ny and all complains [sic], disciplinary actions, CDC 602s, inmate appeals fil [sic] against any/and all defendants, and in their personal files in the last five (5) years, other than written by plaintiff. Complains [sic] that were written by other inmates, free of staffs, or correctional personnel."

Defendants object on the ground that the request is over-broad and seeks privileged information. Government personnel records are official information but to determine whether the information is privileged, the court must "weight the potential benefits of disclosure against the potential disadvantages." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. 1991).

4

1  Plaintiff seeks all appeals filed against defendants and all records of disciplinary actions
2 taken against defendants for the past five years. Although some of these documents may be
3 relevant or likely to lead to evidence admissible at trial, plaintiff fails to narrow the field to such
4 documents. *See Sanchez*, 936 F.2d at 1034. Therefore, defendants' objection is sustained.
5  For the reasons stated above, it is ORDERED that:
6  1. Defendants' objections to requests number 1 and number 2 are overruled. Defendants
7 have 15 days from the date of this order to serve those documents on plaintiff;
8  2. Defendants' objection to request number 9 is sustained; and
9  3. Plaintiff has 30 days from the date this order is served to file a supplement to his
10 opposition to defendants' motion for summary judgment. Defendants have 15 days therefrom to
11 file and serve a reply, if any.
12 Dated: November 13, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE