IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL ANTHONY HOLLEY,

      Plaintiff,                             No. CIV S-04-2708 LKK EFB P

      vs.

TOM L. CAREY, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On July 7, 2006, plaintiff filed a motion to compel answers to interrogatories. On March 29, 2007, the undersigned denied that motion on the ground that plaintiff failed to demonstrate that he attempted to confer with defendants to resolve the discovery dispute informally. On April 9, 2007, plaintiff filed a request for reconsideration of this order. As discussed below, plaintiff has now shown that he did attempt to meet and confer with defendants. He submitted with his July 7, 2006, motion a letter dated June 13, 2006, from plaintiff to defendants' counsel. In it, plaintiff sought informal resolution of the dispute. Therefore, plaintiff attempted to satisfy the requirement that he meet and confer with defendants. Nonetheless, the motion to compel must be denied because plaintiff prematurely served his discovery requests. Plaintiff served the discovery requests for which he seeks to compel

1

responses before the time for discovery commenced in this action.

In litigation where both parties are represented by counsel, discovery requests may not be served until the parties have met and developed a discovery plan. Fed. R. Civ. P. 26(f). Since plaintiff is a prisoner without counsel, the parties in this action are exempt from this requirement. Fed. R. Civ. P. 26(f), 26(a)(1)(E)(iv). In cases such as this, the court signals the commencement of discovery though the issuance of a discovery order. Here, defendants filed their answer on June 14, 2004, and the court issued its order governing the conduct of discovery on June 21, 2006. In his motion filed July 7, 2006, and in the June 13, 2006, letter, plaintiff seeks responses to his first set of interrogatories. However, he served those interrogatories on the Office of the Attorney General on June 6, 2005, before defendants filed their answer and before the court issued its discovery order. It is noted that on November 7, 2006, this court denied plaintiff's August 14, 2006, motion to compel and refused to compel defendants to respond to these same discovery requests, also on the ground that plaintiff prematurely served them. *See* Order filed November 7, 2006. Plaintiff cannot repeatedly move to compel responses to a premature discovery request simply because he peppers the court with duplicative motions. The court once ruled that the requests were premature. Plaintiff could have served his requests at a time when defendants would have been obliged to respond. He has not demonstrated that he did so. Therefore, he has not shown that defendants have failed to respond to a properly served discovery request.

Therefore, it is hereby ORDERED that:

1. The order filed March 29, 2007, is reconsidered and vacated; and

2. Plaintiff's July 7, 2006, motion to compel discovery is denied on the ground that plaintiff served the discovery on defendants before defendants had appeared in this action.

DATED: November 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2