1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOEL ANTHONY HOLLEY,

11          Plaintiff,                    No. CIV S-04-2708 LKK EFB P

12      vs.

13   TOM L. CAREY, et al.,                ORDER DIRECTING THE FILING OF
                                          PRETRIAL STATEMENTS
14          Defendants.
                                    /
15

16      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   under 42 U.S.C. § 1983.  On September 27, 2007, the district judge adopted in part and declined

18   to adopt in part this court's August 31, 2007, findings and recommendations regarding

19   defendants' motion for summary judgment.  This case, therefore, proceeds on plaintiff's

20   retaliation and equal protection claims.  Accordingly, the court now sets the matter for pretrial

21   conference.  The date for trial will be reset in the forthcoming pretrial order.

22      Plaintiff's failure to comply with the procedures set forth below may result in the

23   preclusion of any and all witnesses named in his pretrial statement.

24      At the trial of this case, plaintiff must be prepared to introduce evidence to prove

25   each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two

26   kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's

1

1   responsibility to produce all of the evidence to prove his case, whether that evidence is in the

2   form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he must

3   follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

4          I.          Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to

5                      Testify Voluntarily

6          An incarcerated witness who agrees voluntarily to attend trial to give testimony

7   cannot come to court unless this court orders the warden or other custodian to permit the witness

8   to be transported to court. This court will not issue such an order unless it is satisfied that:

9               1. The prospective witness is willing to attend;

10      and

11              2. The prospective witness has actual knowledge of relevant facts.

12         With the pretrial statement, a party intending to introduce the testimony of

13  incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

14  written motion for a court order requiring that such witnesses be brought to court at the time of

15  trial.  The motion must:

16              1. State the name, CDC Identification number, and address of each such

17              witness;  and

18              2. Be accompanied by affidavits showing that each witness is willing to

19              testify and that each witness has actual knowledge of relevant facts.

20         The willingness of the prospective witness can be shown in one of two ways:

21              1. The party himself can swear by affidavit that the prospective witness

22              has informed the party that he or she is willing to testify voluntarily

23              without being subpoenaed. The party must state in the affidavit when and

24              where the prospective witness informed the party of this willingness; or

25              2. The party can serve and file an affidavit sworn to by the prospective

26              witness, in which the witness states that he or she is willing to testify

1    without being subpoenaed.

2        The prospective witness' actual knowledge of relevant facts can be shown in one

3  of two ways:

4        1. The party himself can swear by affidavit that the prospective witness

5        has actual knowledge. However, this can be done only if the party has

6        actual firsthand knowledge that the prospective witness was an eyewitness

7        or an ear-witness to the relevant facts. For example, if an incident

8        occurred in the plaintiff's cell and, at the time, the plaintiff saw that a

9        cellmate was present and observed the incident, the plaintiff may swear to

10        the cellmate's ability to testify.

11        Or

12        2. The party can serve and file an affidavit sworn to by the prospective

13        witness in which the witness describes the relevant facts to which the

14        prospective witness was an eye- or ear-witness. Whether the affidavit is

15        made by the plaintiff or by the prospective witness, it must be specific

16        about what the incident was, when and where it occurred, who was

17        present, and how the prospective witness happened to be in a position to

18        see or to hear what occurred at the time it occurred.

19        The court will review and rule on the motion for attendance of incarcerated

20  witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the

21  court will issue the order necessary to cause the witness' custodian to bring the witness to court.

22        II.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who

23        Refuse to Testify Voluntarily

24        If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

25  testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

26  of such witnesses. Such motion should be in the form described above. In addition, the party

1   must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

2         III.     Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

3                 Agree to Testify Voluntarily

4         It is the responsibility of the party who has secured an unincarcerated witness'

5   voluntary attendance to notify the witness of the time and date of trial. No action need be sought

6   or obtained from the court.

7         IV.     Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

8                 Refuse to Testify Voluntarily

9         If a prospective witness is not incarcerated, and he or she refuses to testify

10  voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

11  prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

12  witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party

13  seeking the witness's presence must tender an appropriate sum of money to the witness through

14  the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of

15  money is the daily witness fee of $40.00 plus the witness's travel expenses.

16        A subpoena will not be served by the United States Marshal upon an unincarcerated

17  witness unless the subpoena is accompanied by a money order made payable to the witness for

18  the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy

19  of the court's order granting plaintiff *in forma pauperis* status.  Because no statute authorizes the

20  use of public funds for these expenses in civil cases, the tendering of witness fees and travel

21  expenses is required even if the party was granted leave to proceed *in forma pauperis*.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

24  obtain the attendance of witnesses at trial within 30 days of the date this order is served.

25  Plaintiff's failure to file a pretrial statement may result in the imposition of sanctions, including

26  dismissal of this action.

1       2.  Defendants shall file their pretrial statement within 15 days of the date plaintiff serves

2   his pretrial statement.

3       3.  Pretrial conference as described in Local Rule 16-282 will be conducted on the file

4   only, without appearance by either party.

5       4.  The date for jury trial before the Honorable Lawrence K. Karlton will be set in

6   the pretrial order.

7   DATED:  December 18, 2007.

8                           EDMUND F. BRENNAN

9                           UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26