1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOEL ANTHONY HOLLEY,

11          Plaintiff,                    No. CIV S-04-2708 LKK EFB P

12      vs.

13   TOM L. CAREY, et al.,

14          Defendants.              ORDER

15   _____/

16        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  Currently pending is plaintiff's January 25, 2008, motion for modification

18   of discovery.  In this motion, plaintiff argues that he has new evidence in support of why the

19   magistrate judge's November 5, 2007, order denying his motion to compel discovery should be

20   reversed.  On December 17, 2007, that order was affirmed on reconsideration.  Thus, the court

21   construes the current motion as a motion for reconsideration.  As explained below, this motion is

22   denied.

23                                    FACTS

24        Discovery in this action followed anything but an orderly process of requests for and

25   production of information.  Plaintiff sought documents he believed to be relevant to this action.

26   Thus, on September 9, 2005, plaintiff filed a motion to compel the production of documents.  *See*

1   Dckt. 23.  The court denied this motion without prejudice on the ground that subsequent

2   developments in discovery could affect resolution of the motion.  Thus, the court required

3   clarification of the parties' positions.  Dckt. # 44.  Plaintiff filed a second motion to compel.

4   Dckt. # 47.  The court reached the merits of the motion, granting it in part.  Dckt.  # 73.

5          Plaintiff also attempted to obtain answers to interrogatories.  On July 7, 2006, plaintiff

6   filed a motion to compel answers to interrogatories.  Dckt. # 40.  On March 29, 2007, the

7   magistrate judge denied that motion on the ground that plaintiff failed to demonstrate that he

8   attempted to confer with the defendants about the discovery dispute. Dckt. # 78.  On April 9,

9   2007, plaintiff filed a request for reconsideration of that order, asserting that he had attempted to

10  meet and confer with the defendants.  Dckt. # 79.  In the November 5, 2007, order granting

11  reconsideration, the court found that plaintiff had attempted informally to resolve the dispute.

12  Dckt. # 85.  However, the court denied the motion to compel on an alternative ground, i.e.,

13  plaintiff served the interrogatories before the time for discovery commenced in this action.

14  Plaintiff sought reconsideration of that denial, and on reconsideration this court affirmed.  Dckt.

15  # 86, 87.  In the motion currently under consideration, plaintiff requests the court to vacate the

16  November 5, 2007, order on the ground that he has obtained new evidence showing that he did

17  serve his discovery requests at a time when defendants were bound to respond.

Standards For Motions To Reconsider

18

19          Although motions to reconsider are directed to the sound discretion of the court, Frito-

20  Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

21  judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party

22  seeking reconsideration of a district court's order must brief the "new or different facts or

23  circumstances [which] were not shown upon such prior motion, or what other grounds exist for

24  the motion."  The rule derives from the "law of the case" doctrine which provides that the

25  decisions on legal issues made in a case "should be followed unless there is substantially

26  different evidence . . . new controlling authority, or the prior decision was clearly erroneous and

1  would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir.

2  1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S.

3  1064 (1986).

4       Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or

5  amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the

6  unsuccessful party to "rehash" arguments previously presented, or to present "contentions which

7  might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp.

8  1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

9  Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings

10  "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial

11  efficiency." Costello, 765 F.Supp. at 1009.

Analysis

13       As noted, plaintiff argues that he recently has uncovered evidence that undermines the

14  finding that he prematurely served interrogatories on the defendants.  In particular, plaintiff

15  asserts that on July 19, 2005, he served defendants' counsel with a request for production of

16  documents, but defendants' counsel failed to ensure that responses to this request were sought

17  from the defendants. *See* Motion, Ex. A, at 2.  Plaintiff is arguing about two different attempts at

18  discovery.  The November 5, 2007, order addressed plaintiff's attempt to compel answers to

19  interrogatories.  While the court did deny a motion to compel the production of documents

20  without prejudice, plaintiff served a second motion to compel.  The court reached the merits of

21  the second motion to compel the production of documents.  Therefore, the instant motion does

22  not present any new evidence with respect to the November 5, 2007, order denying the motion to

23  compel interrogatories.

CONCLUSION

25       In his January 25, 2008, motion, plaintiff seeks reconsideration of an order denying a

26  motion to compel interrogatories.  His arguments and attachments in support thereof, however,

3

1   relate to a motion to compel the production of documents.  Plaintiff has not submitted any

2   evidence that the denial of his motion to compel answers to interrogatories was in any way

3   erroneous.

4                  Accordingly, IT IS HEREBY ORDERED that on reconsideration, plaintiff's

5   January 25, 2008, request to vacate the November 5, 2007, order is denied.  Plaintiff shall not file

6   any further motions for reconsideration of this court's orders pertaining to discovery matters.

7   Dated: September 26, 2008.

8

9                                              _____
                                               LAWRENCE K. KARLTON
10                                             SENIOR JUDGE
                                               UNITED STATES DISTRICT COURT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26